IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL MAURICE WHELAN** | * |
| | * |
| Petitioner/Defendant, | * |
| | *   CRIM. NO. 05-0184-CG |
| v. | * |
| | *   CIVIL NO. 08-0109-CG |
| **UNITED STATES OF AMERICA,** | * |
| | * |
| Respondent. | * |

### ORDER

This matter is before the court on the motion of Michael Maurice Whelan to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 (Doc. 65)[1], the United States' opposition thereto (Doc. 69) and defendant's reply (Doc. 70). The court finds that defendant is not entitled to an evidentiary hearing under the circumstances. Defendant's plea was knowingly and voluntarily entered into and defendant has failed to established that his counsel's performance was deficient or that he was prejudiced by his counsel's alleged deficiencies. Therefore, defendant's motion is due to be **DENIED**.

### Factual Background

Defendant was charged in a three-count indictment. Count One charged defendant with possession, on March 18, 2004, of pseudoephedrine with intent to manufacture methamphetamine; Count Two charged defendant with possession with intent to distribute

---

[1] For simplicity, the court will refer to the criminal case file in identifying documents, and will refer to Mr. Whelan as 'defendant'.

methamphetamine; and Count Three charged defendant with possession, on December 28, 2004, of pseudoephedrine with intent to manufacture methamphetamine.  On September 8, 2006, defendant entered a blind plea of guilty to Count One, and the United States agreed to dismiss the remaining counts at sentencing. (Docs. 27, 28).  As there was no written plea agreement or factual resume, the Assistant United States Attorney orally recited the pertinent evidence gathered against defendant and defendant agreed that the same was true.

At the guilty plea hearing, defendant's counsel raised the issue of whether his client was going to plead guilty when he did not yet know what the ultimate drug quantity would be. (Doc. 58).  The court reminded the defendant that regardless of the actual drug quantity, defendant would face a potential statutory maximum sentence. (Id. at 4).  Defendant acknowledged that he was fully satisfied with his counsel's representation and that he had not been forced to plead guilty, but was pleading guilty on his own free will because he was guilty. (Id. at 9).  Defendant represented that he had reviewed the potential impact of the sentencing guidelines with his counsel. (Id. at 10).  Defendant acknowledged that the court would not be able to determine the advisory guidelines sentencing range for his case until after a pre-sentencing report had been completed and that the sentencing guidelines may be different from any estimate his attorney or anyone else may have given him. (Id. at 9).  The court found that defendant was "aware of the nature of the charges and the consequences of the plea," that his plea was a "knowing and voluntary plea," and that the facts supported the plea of guilty. (Id. at 15).

Defendant raises four grounds for relief, all of which assert that his counsel was ineffective: 1) that his attorney did not warn him that when he pled guilty to Count One, the prosecution could use evidence pertaining to Count Three against him with regard to the drug

quantity; 2) that he was induced to enter a plea of guilty without understanding the charge or the consequences of the plea; 3) that his attorney failed to seek a motion to compel regarding the testing of the alleged pseudoephedrine pills ; and 4) his appellate attorney did not file a reply to refute incorrect and inflammatory statements in Government's response.

## Habeas Standard

To establish ineffective assistance of counsel, a petitioner "must show that his attorney's performance was deficient and that the deficiency was prejudicial." Gamble v. Secretary, Florida Dept. of Corrections, 450 F.3d 1245, 1249-1250 (11th Cir. 2006) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).  However, "[c]onclusory allegations of ineffective assistance are insufficient" Wilson v. U.S., 962 F.2d 996, 998 (11th Cir. 1992) (quoting U.S. v. Lawson, 947 F.2d 849, 853 (7th Cir. 1991)).  Furthermore, "it is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance." Bolender v. Singletary, 16 F.3d 1547, 1573 (11th Cir. 1994).

> To succeed on a claim of ineffective assistance, a habeas petitioner must satisfy both prongs of the test set out by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The performance prong requires a petitioner to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. Id. at 687-89, 104 S.Ct. at 2064-65. The prejudice prong requires a petitioner to demonstrate that seriously deficient performance of his attorney prejudiced the defense. Id. at 687, 104 S.Ct. at 2064.
> Unless a petitioner satisfies the showings required on both prongs, relief is due to be denied. Id. As a result, once a court decides that one of the requisite showings has not been made it need not decide whether the other one has been. Id. at 697, 104 S.Ct. at 2069 (A court need not "address both components of the inquiry if the [petitioner] makes an insufficient showing on one."); Duren v. Hopper, 161 F.3d 655, 660 (11th Cir. 1998)("if a defendant cannot satisfy the prejudice prong, the court need not address the performance prong"). . . .

>To establish prejudice, a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "[P]etitioners must affirmatively prove prejudice because '[a]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. [T]hat the errors had some conceivable effect on the outcome of the proceeding' is insufficient to show prejudice." Gilreath v. Head, 234 F.3d 547, 551 (11th Cir. 2000)(alteration in original)(quoting Strickland, 466 U.S. at 693, 104 S.Ct. at 2067).

United States v. Butcher, 368 F.3d 1290, 1293-94 (11th Cir. 2004).

## Analysis

**A. Ground One**

Defendant's first claim - that his counsel was ineffective because he failed to explain that the relevant conduct would affect his sentence - is without merit. Defendant's attorney submitted an affidavit stating that he explained to defendant before he plead guilty that the court would consider relevant conduct at sentencing. According to defendant's counsel, he specifically advised defendant that the court would consider conduct relating to Counts Two and Three of the Indictment in determining the guideline range. During the plea hearing, the fact that the drug quantity determination was unresolved was explicitly addressed. The court was very clear that there were no guarantees concerning the sentencing range or the actual sentence. The Assistant United States Attorney specifically discussed the unresolved "relevant conduct" issues when explaining the evidence against petitioner. (Doc. 58 at 3-6, 8-11, 14), and defendant admitted that the government could prove such conduct. (Id. at 13-14). Even if defense counsel's performance was lacking, the court's explanation of the potential ramifications of his plea during the colloquy prevented any such deficiency from resulting in prejudice to the

defendant. Defendant's plea was knowingly and voluntarily entered into.  Thus, the court finds that defendant has failed to show that his counsel rendered deficient performance and has failed to show that any prejudice resulted from his counsel's alleged deficiency.

### B. Ground Two

The court also finds that defendant has not shown that he was induced to enter a plea of guilty without understanding the charge or the consequences of the plea.  As discussed above as to ground one, the court conducted a thorough Rule 11 proceeding and defendant acknowledged that he understood the proceeding and the consequences of entering his guilty plea.  In this Circuit, courts

> apply a 'strong presumption' that statements made by a defendant during his plea colloquy are true, United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994); therefore, "when a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false." United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988).

U.S. v. Cardenas, 2007 WL 2119918 at *2 (11th Cir. July 25, 2007).  Defendant's generalized allegations that he did not understand the charge or the consequences of the plea is not sufficient to overcome this strong presumption.

### C. Ground Three

Defendant's third ground also lacks merit.  Defendant asserts that his counsel was deficient in failing to seek a motion to compel regarding the testing of the alleged pseudoephedrine pills.  Defendant's counsel explains in his affidavit that he "requested the opportunity to test certain evidence, and the government refused." (Tiemann Affid. at 3).  Defense counsel "chose not to request a court order because [he] believed it was better to contest the evidence in light of the government's failure to test the evidence as well as its refusal to

allow testing." (Id.).  The parties and the court belabored over the drug quantity issue and the court will not second-guess counsel's strategy.  Chandler v. United States, 218 F.3d 1305, 1314 n. 14 (11th Cir.), cert. denied, 531 U.S. 1305 (2000) ("a court must not second-guess counsel's strategy" (citation omitted)).  Moreover, the court later rejected defendant's request to compel independent testing. (Doc. 60 at 116).  Additionally, the Eleventh Circuit found on appeal of defendant's sentence, that "[e]ven accepting Whelan's expert's theory at sentencing that drugs may vary in their concentration level from packaging's labels by as much as 10%, this would not change Whelan's base offense level from 32."  Thus, defendant has not shown that he was prejudiced by his counsel's failure to seek a motion to compel testing earlier in the case.

### D. Ground Four

Defendant's fourth claim is that his appellate counsel was deficient because she failed to file a reply to refute incorrect and inflammatory statements in the Government's response.  There is no support for this claim in defendant's motion.  Defendant does not state what information was incorrect or inflammatory, not does he state  or even attempt to demonstrate how he was prejudiced by his counsel's alleged deficiency.  Therefore, the court finds that defendant's fourth claim lacks merit.

### Conclusion

For the reasons stated above, the court finds that defendant's plea was knowingly and voluntarily entered into and that defendant has not established deficient performance or prejudice.  As such, defendant is entitled to no relief on his claims.  Defendant is not entitled to an evidentiary hearing because his claims "are merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible." Tejada v. Dugger,

941 F.2d 1551, 1559 (11th Cir. 1991) (citations and internal quotations omitted).  Defendant's motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 (Doc. 65) is **DENIED**.

**DONE** and **ORDERED** this the 2nd day of July, 2008.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE